ROBERTS *et ux. vs.* SMITH, clerk.

(Warner, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.)

This court will not require the clerk of the court below, by *mandamus*, to send up a record when the case could not, under the law, be heard after its arrival, and the process would thus be useless. (R.)

Practice in the Supreme Court. September Term, 1879.

On September 2d, 1879, counsel for Roberts *et ux.* obtained a *mandamus nisi* to compel Smith, clerk of Laurens superior court, to send up a record in the case of Roberts *et ux. vs.* Stanley *et al.* The *mandamus* was returnable on September 16th. On that day respondent answered, alleg-

ing various reasons why he did not send up the record. Among others he stated the following : The term of court at which said case was tried adjourned on February 28th, 1879, and the presiding judge took the papers, it being agreed that a motion for new trial should be made within thirty days, and decided without argument. On May 8th, a bill of exceptions was filed in office. Respondent went to resident counsel for plaintiffs in error, and asked for the papers, but failed to get them until May 16th, which left only two of the ten days prescribed by law for sending up records—which time was not sufficient.

Movants' counsel made an affidavit showing that he had frequently endeavored to get the clerk to send up the record after the filing of the bill of exceptions, and that the main ground of refusal or failure had been the non-payment of costs.

Respondent's counsel moved to discharge the rule, because it was not taken out in proper time, and because the Oconee circuit, to which the case would belong, having already been finished, a further prosecution of the rule would be useless. The court discharged it.

E. N. Broyles, for movants.

Rollin A. Stanley, by Jackson & Lumpkin, for respondent.

Jackson, Justice.

This is a *mandamus* to compel the clerk of the superior court of Laurens county to certify and send up the record of a case pending in that court and brought by bill of exceptions to this court. Among other things, the clerk, in answer to the *mandamus nisi*, shows for cause that the original papers were in the hands of counsel of plaintiffs in error, and therefore, though he called for them, he could not procure them in time to send them up regularly. It further appears that the *mandamus* was not applied for as

soon as it might have been and ought to have been, and that if the case were brought up now, the act of 1877 would not relieve the plaintiff in error from any laches of which he may have been guilty; because the record would not reach this court until the cases on the Oconee circuit docket were all disposed of. Before the application was made to make absolute the rule *nisi*, that docket was entirely disposed of. The law will not do a mere vain thing, which can result in no practical good. Therefore it will not require the record of a case to be sent here when the case could not be heard and the record would be of no service to any party. Acts of 1877, p. 95.

Therefore the *mandamus* absolute is denied, and the rule is discharged.

[Warner, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.]